IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE WILLIAM WATSON, SR.,

                 Plaintiff,

v.

DANE COUNTY CHILD SUPPORT AGENCY,
DANIEL M. FLOETER, ANDREA BRENDEMUEHL,
JESSE HELLERUD, JEFFREY SKATRUD, CARLO
ESQUEDA, LAUREN JOHNSON, LISA JOHNSON,
SCOTT STEWART, COURT COMMISSIONERS,
TRACY SCHMIDT and TODD KRIESS,

                 Defendants.

OPINION AND ORDER

19-cv-884-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, pro se plaintiff Lawrence William Watson, Sr. is alleging that defendant Dane County Child Support Agency and several individuals working with it violated his constitutional rights in conjunction with paternity judgments and income withholding orders issued in the Circuit Court for Dane County, Wisconsin. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has not made an initial partial payment, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Because this court plainly lacks subject matter jurisdiction over plaintiff's claims, I am dismissing plaintiff's complaint.

1

OPINION

A threshold question in any case is whether the court has jurisdiction over any of the claims that plaintiff is trying to bring. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. As a result, I must determine whether subject matter jurisdiction exists, even if none of the parties raise the issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Child support, child custody and alimony decisions fall within the areas of family or domestic relations, which are exclusively governed by state law. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involve[e] the issuance of a divorce, alimony, or child custody decree"); Rose v. Rose, 481 U.S. 619, 625 (1987) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); De Sylva v. Ballentine, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. Struck v. Cook County Public Guardian, 508 F.3d 858, 859 (7th Cir. 2007).

Moreover, lower federal courts are precluded by the Rooker-Feldman doctrine from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered

injunction or restraining order. That doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). For the most part, litigants who believe that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that Rooker-Feldman barred review of claims related to a state court divorce and child custody proceeding); T.W. by Enk v. Brophy, 124 F.3d 893, 898 (7th Cir. 1997) (applying Rooker-Feldman to Wisconsin child-custody decision).

Because plaintiff is challenging the paternity and child support decisions reached in Dane County case nos. 2019PA121PJ and 2009FA956, he cannot proceed with his claims in federal court. Therefore, I am dismissing the complaint for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Lawrence William Watson, Sr.'s complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 16th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge